# LEEDS BROWN LAW, P.C.

One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873-9550

_____Attorneys at Law_____

September 12, 2018

**VIA ECF**
The Honorable Judge Sandra Feuerstein
U.S. District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   D.B. v. Long Beach CSD, et al.
      Docket No.: 17 CV 01495 (SJF)(AYS)
      L.G. v. Long Beach CSD, et al.
      Docket No.: 17 CV 00453 (SJF)(AYS)
      G. v. Long Beach CSD, et al.
      Docket No.: 16 CV 01955 (SJF)(AYS)
      Weitzman v. Long Beach CSD, et al.
      Docket No.: 16 CV 3544(SJF)(AYS)

Dear Judge Feuerstein:

This office represents the plaintiffs, D.B., and her Mother and Natural Guardian, Shirlyn Summers (collectively "Plaintiffs"), in the matter of D.B. v. Long Beach CSD, Docket No.: 17 CV 01495. We write with respect to Your Honor's Minute Order, dated May 13, 2018 (re: ECF No.: 21; 17- CV-01495, "Order"), which states that "[t]he deadline for the parties to request the case be reopened is extended to September 28, 2018." (underlining added).

We write in advance of Your Order's deadline, with the consent of certain parties,[1] and partial objections by other parties.[2] We write to request that the above cases be restored to the calendar, *or in the alternative* that Your Honor grant another extension of time to request restoration to calendar/docket as no decision for the New York Education Law § 3020-a hearing has been made.

I have maintained telephonic communication with the law office of Silverman and Associates (Attorneys for Long Beach CSD et al). As of September 12, 2018, there has been no decision in the § 3020-a hearing. It has been approximately nine (9) months since the above cases have been marked off the calendar.

---

[1] Gerard Misk, Esq. of Ginsburg and Misk (attorneys for L.G. et. al); Debra Wabnik, Esq, (attorney for Ms. Weitzman); Neil H. Greenberg, Esq. (attorney for G.) consent to this application.

[2] Laura Endrizzi, Esq. of Congdon, Flaherty, O'Callaghan "agree[s] to the request for the extension pending the outcome of the § 3020 hearing. However, [she does] not consent to restoring the case to the calendar at this time." Silverman & Associates also object to restoring the cases to the calendar at this time and will respond accordingly.

1

At this juncture, all the parties are at the mercy of the hearing officer. We are mindful of the fact that a decision in the § 3020-a hearing has the potential to influence the outcome of the above cases, and we by no means seek to waste judicial resources; but, we do not believe it is a foregone conclusion that any decision in the § 3020 hearing would automatically dispose of the claims before Your Honor. This is especially so because our client was not a party to § 3020-a hearing. Although nine (9) months ago it may have been prudent to await a decision from the hearing officer (one that should have been rendered in 30 days), we do not believe that is the case is now.

Collateral estoppel does not apply when the party against whom the earlier decision is asserted did not have a "full and fair opportunity" to litigate that issue in the earlier case. Krebs v. United States, 1999 U.S. Dist. LEXIS 4177, at *13 (S.D.N.Y. Mar. 26, 1999). Even with respect to offensive collateral estoppel which may be used by a non-party to the prior preceding (like my client), "the preferable approach . . . is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied. [Where] the application of collateral estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel. Hoppe v. G.D. Searle & Co., 779 F. Supp. 1425, 1427 (S.D.N.Y. 1991).

Thus, it is uncertain what effect, if any, a 3020-a decision would have until the issue is briefed. At minimum, the parties would be required to brief the issues of collateral estoppel and/or res judicata in an applicable motion to dismiss, judgment on the pleadings and/or for summary judgment. Moreover, we believe that there are certain aspects of discovery that can be performed that would assist in determining the effect of the 3020-a hearing (e.g. exchange of the § 3020-a hearing transcripts, witness disclosures, certain interrogatories), pending an actual written decision by the hearing officer.

Thus, in compliance with Your Honor's Order and Individual Rule 1(E), we are writing in advance of the September 28, 2018 deadline to request that the above cases be restored to the calendar and that a discovery conference be held to formulate a discovery schedule. Or, **in the alternative,** we request that the deadline to re-open all the related cases be adjourned to a date deemed equitable by this Court.

As all the Parties to the above referenced actions have no control over when the 3020-a decision will be issued, we ask that Your Honor to take this into consideration should you decided to extend the deadline, rather than restoring the above cases at this time. We thank the Court for its attention to this matter.

Respectfully submitted,
LEEDS BROWN LAW, P.C.

/s/
Jonathan C. Messina

cc: All Counsel via ECF